**Warren D. THOMAS, D.V.M., Plaintiff,**

v.

**CITY OF LOS ANGELES, etc. et al., Defendants.**

**No. CV 86–4122 WJR.**

United States District Court, C.D. California.

July 22, 1986.

Gloria Allred, Nathan Goldberg, Allred, Maroko, Goldberg & Ribakoff, Los Angeles, Cal., for plaintiff.

James K. Hahn, City Atty., Frederick M. Merkin, Sr. Asst. City Atty., Diane N. Wentworth, Deputy City Atty., Los Angeles, Cal., for defendants.

### PRELIMINARY INJUNCTION

REA, District Judge.

The matter of the Court's Order to Show Cause re Preliminary Injunction having come on before the Court for a hearing, the Court having taken testimony and having heard oral argument, and the Court having considered the relevant legal authorities and facts,

IT IS HEREBY ORDERED that a Preliminary Injunction is GRANTED, ordering that the City of Los Angeles commence within 30 days a full and fair hearing on the merits of whether Dr. Thomas should be terminated from his position as zoo director of the Los Angeles Zoo. This order is based upon the following considerations.

The Court finds that plaintiff has shown a probability of success on the merits of his complaint, in that he has established that he probably had a property interest in his employment at the Zoo, such that he would not be terminated without just cause and a full and fair hearing. Further, the defendants have stipulated that the hearing conducted immediately prior to Dr. Thomas' termination was inadequate for due process considerations. Finally, the Court finds that the plaintiff will suffer undue hardship if he is not given a full and fair

hearing as soon as is practicable, because he was entitled to such a hearing before being terminated. Therefore, the Court orders that such a hearing be conducted by the City, under the aegis of an impartial tribunal appointed or designated by the Recreation and Parks Commission, within 30 days of the date this order is filed by the Clerk.

## FINDINGS OF FACT

1. In 1974, when Dr. Thomas interviewed for the position of Zoo Director, he was told by representatives of the City that the City was seeking a permanent zoo director.

2. Dr. Thomas was hired in June, 1974, to take the directorship of the zoo for a salary in excess of $70,000.

3. Dr. Thomas was hired as an emergency appointee, which appointment lasted 240 days. He was informed that during that time, he could be terminated for any reason.

4. Dr. Thomas was informed that his probationary period of employment ended in June, 1975. From then on, forms he received from the Personnel Office stated at the bottom that Dr. Thomas was exempt from the Civil Service System, and had no rights of appeal in the case of disciplinary action being taken against him.

5. After he was hired, Dr. Thomas was told by Bill Larsen, an agent of the City, that he would not be fired on a whim, because the City did not operate in that manner. Larsen told him he would only be terminated for just cause.

6. When he was first hired, Dr. Thomas received performance evaluations from his supervisors, but these ceased when Jerry Lee became his supervisor. When Dr. Thomas asked Lee about this lapse, Lee stated that he did not believe that he should be evaluating an employee at Dr. Thomas' "level."

7. At the time Dr. Thomas was hired, Mayor Tom Bradley issued a press release that stated that a "permanent zoo director" had been found.

8. In 1982, Dr. Thomas' immediate supervisor from the Personnel Department, Elliott Porter, told him that he would not be fired arbitrarily or capriciously, or without a hearing.

9. The implication of Porter's statement was that Dr. Thomas would be fired only for just cause, after a full and fair hearing.

10. At one point in his service as Zoo Director, Dr. Thomas was nominated by James Hadaway for a "Career Service Award," although Thomas was not chosen to receive the Award. This nomination reinforced the understanding that Dr. Thomas was a career employee who could not be terminated without cause.

11. On May 29, 1986, Dr. Thomas was given notice that he was required to attend a disciplinary hearing on June 2, 1986 at 3:00 p.m.

12. Dr. Thomas did not have time to discuss the matter with his attorney, nor to adequately prepare his witnesses or his case, in time for the hearing on June 2, 1986.

13. Dr. Thomas requested a continuance until after he had returned from a planned three-week trip to Africa, which was to commence on June 4, 1986. This request was denied.

14. At the hearing, Dr. Thomas did not present the witnesses he would have presented if he had had adequate time to contact them and secure their presence.

15. The hearing was presided over by Mr. Hadaway, Mr. Porter, and Mr. Jensen. None of these persons were disinterested in the outcome of the proceedings.

16. The City and Mr. Hadaway have stipulated that the hearing afforded to Dr. Thomas prior to his termination was inadequate for due process purposes.

17. Dr. Thomas was terminated from his position as Zoo Director on June 3, 1986.

## CONCLUSIONS OF LAW

1. Dr. Thomas had a property interest in his position as Zoo Director by reason of

rules and mutually explicit understandings at the time he was hired and during the course of his employment with the City. *Walker v. Northern San Diego County Hospital Dist.,* (1982) 135 Cal.App.3d 896, 185 Cal.Rptr. 617; *see Williams v. County of Los Angeles,* (1978) 22 Cal.3d 731, 150 Cal.Rptr. 475, 586 P.2d 956.

2. Dr. Thomas was exempt from the requirements and protections of the Civil Service System. He is not entitled to an impartial appeal from his pretermination hearing because of this exemption.

3. Having such a property interest, Dr. Thomas was entitled to a full and fair hearing prior to any termination of his employment as Zoo Director. *Bogacki v. Board of Supervisors,* (1971) 5 Cal.3d 771, 783, 97 Cal.Rptr. 657, 489 P.2d 537.

4. Dr. Thomas was not given a full and fair hearing before an impartial tribunal.

5. The balance of hardships favors Dr. Thomas because he was deprived of his property interest without due process of law. The City owed this hearing to Dr. Thomas, so there is no undue hardship to the City in conducting one forthwith.

6. An impartial tribunal shall be convened by the City to decide whether the termination of Dr. Thomas was proper. Dr. Thomas must be given adequate notice of the date and time of the hearing in order to secure evidence and witnesses in his behalf. Any person who is interested in the outcome of the hearing, or who is a potential witness for either side, is disqualified from sitting on the tribunal or deciding the constituency of its members.

7. This hearing shall be conducted within 30 days of the date this order is filed by the clerk, in order to provide swift, effective, and fair relief to Dr. Thomas.

8. Reinstatement is not ordered at this time inasmuch as it would be premature to reinstate Dr. Thomas prior to a fair hearing on the merits of his termination. In addition, it would be an undue hardship on the City to reinstate the plaintiff, considering the fact that the hearing may result in the confirmation of the decision to terminate his employment.